# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,

    *Plaintiff*,

vs.

RODGER M. TURBAK, et. al.,

    *Defendants*.

Case No. 10-1148-EFM

## MEMORANDUM AND ORDER

Plaintiff Gerald Ray Wedel brings this action, *pro se* and *in forma pauperis*. Defendants include Rodger M. Turbak, Jennifer Shipman, Judge Thomas M. Sutherland, and the Johnson County District Court. There are currently twenty-one motions pending in this case. Because the resolution of Defendants' Motions to Dismiss (Docs. 7, 59) ultimately affects all of the pending motions, the Court first addresses these two motions. For the following reasons, the Court grants Defendants' Motions to Dismiss (Docs. 7, 59) and therefore denies all other motions (Docs. 9, 12, 14, 16, 22, 29, 47, 48, 51, 54, 56, 57, 63, 64, 65, 66, 69, 71, 75) as moot.

## I. Facts and Procedural Background[1]

Plaintiff filed a Complaint, using a Form Complaint to file this action. In the Jurisdiction section, Plaintiff contends that the case arises under 28 U.S.C. § 1343, and he asserts other grounds

---

[1]The Court recently addressed similar issues in cases filed by Plaintiffs (Case Nos. 10-1069-CM; 10-1079-MLB; and 10-1156-CM). Those cases were dismissed on many of the same grounds. In addition, Case No. 10-1134, is also pending before the undersigned judge, and an Order will contemporaneously issue dismissing that case for substantially similar reasons.

for jurisdiction including:

> Violation of plaintiffs Constitutional rights to Due Processn [sic] Const. Amends. #1, #5, and #14, Violation of the Fair Debt Collection Practices Act, (15-USC-1692), The Privacy Act of 1974, Kansas Statutes, and The Kansas Constitution Bill of Rights #1, #2, #3, #6, #9, #10, #13, #15, #18, and #20.

In a section of the form Complaint entitled "Statement of Claim,"[2] Plaintiff references Exhibit A and states:

> Violation of Plaintiffs Constitutional Rights to Due Process, Violation of the Fair Debt Collection Act (15-USC-1692), Fraud, Litigation Fraud, Constructive Fraud, Extrinsic Fraud, Intrinsic Fraud, Fraud in the Factum, Violation of Kansas Statutes, and Federal Laws.

Plaintiff contends that he "would like his Constitutional Rights Given back, Plaintiff would like reimbursed for Punitive Damages, and Mental Stress, Anguish, and Emotional Trauma on the Plaintiff and his Family, and be refunded for expenses to defend the Frivolus [sic] Claim." The total amount of damages he claims is three million dollars.

Plaintiff attached to his Complaint approximately 114 pages of exhibits. This includes a five-page "Claim," copies of Kansas statutes and federal law, and copies of documents apparently filed and related to a state court proceeding in the District Court of Johnson County, Kansas.

Defendants Sutherland and the Johnson County District Court filed a Motion to Dismiss (Doc. 7) arguing that the Complaint fails to state a claim because it is conclusory and vague. In addition, Defendant Judge Thomas M. Sutherland asserts the defense of judicial immunity, and the Johnson County District Court asserts that it does not have the capacity to be sued and the defense

---

[2]This section directs Plaintiff to file a "short and plain statement of the claim showing that plaintiff is entitled to relief and "what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s)."

of sovereign immunity. Plaintiff did not file a response.

Defendants Turbak and Shipman filed a Motion to Dismiss asserting that under the *Younger* and *Rooker-Feldman* abstention doctrines, the Court lacks subject matter jurisdiction.[3] In addition, they claim that the Complaint fails to state a claim for various reasons. Plaintiff filed a "response," but he appears to be disputing issues from a case in the District Court of Haskell County, Kansas, and it does not appear to be responsive to the issues in Defendants' motion to dismiss.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[4] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[5] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[6]

Because Plaintiff is pursuing this action *pro se*, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less

---

[3] Defendants Sutherland and the Johnson County District Court argue that they would like to assert the defense of *Rooker-Feldman* and/or *Younger* abstention, but they do not understand Plaintiff's claimed violation of rights relating to the Johnson County case.

[4] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[5] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[6] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

-3-

stringent standard than formal pleadings drafted by lawyers."[7] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[8] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[9] Furthermore, when a party proceeds *in forma pauperis*, the court shall dismiss the case at any time if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[10]

**III. Analysis**

The Court has concerns about its subject matter jurisdiction. "The *Rooker-Feldman* doctrine prevents federal courts from assuming jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"[11] The *Rooker-Feldman* doctrine also covers claims that are "inextricably intertwined" with a state court's judgment.[12] It appears that Plaintiff's claimed violations relate to and may be inextricably linked to the proceedings in the Johnson county case. However, it is entirely unclear from the pleadings as to what Plaintiff actually contends and whether Plaintiff's allegations relate to the proceedings

---

[7]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Id.*

[9]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[10]28 U.S.C. § 1915(e)(2)(B)(i-iii).

[11]*Jackson v. Jackson*, 2010 WL 3277994, at *1 (10th Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[12]*Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007).

during or after the Johnson county case. Therefore, although it appears that the Court may lack subject matter jurisdiction, it cannot affirmatively conclude this from the pleadings.

To the extent the Court has subject matter jurisdiction, however, Plaintiff fails to state a claim. Plaintiff's complaint alleged no factual allegations relating to his purported causes of actions. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[13]

Plaintiff's five-page "claim" attached to his complaint appears to allege that Plaintiff believes the proceedings that occurred in the Johnson County District Court somehow violated his rights. Yet, there are no coherent factual allegations to support any cause of action. Defendants are not provided with fair notice of the claim because it is impossible to determine from Plaintiff's vague and conclusory allegations what Plaintiff is alleging. The Court is unable to discern any factual allegations that would plausibly entitle Plaintiff to relief. As such, Defendants' Motions to Dismiss are granted.

The Court notes that three other cases filed by Plaintiff, Case Nos. 10-1069-CM; 10-1079-MLB; and 10-1156-CM were recently dismissed.[14] In several of those Orders, the Court expressed its concern that Plaintiff was abusing the judicial system by filing frivolous lawsuits and meritless motions. In addition, filing restrictions have been imposed against Plaintiffs in those three cases.[15]

---

[13]*Robbins*, 519 F.3d at 1248 (citing *Twombly*, 550 U.S. at 556, n. 3)).

[14]The undersigned judge is contemporaneously dismissing another case filed by Plaintiff, Case No. 10-1134.

[15]*See* Docs. 80 and 84 in Case No. 10-1069-CM; Doc. 68 in Case No. 10-1079-MLB; and Docs. 61 and 63 in Case No. 10-1156-CM. In Case Nos. 10-1069-CM and 10-1156-CM, filing restrictions were imposed *twice* because Plaintiff failed to follow the first Orders. Furthermore, in these two cases, the Court send copies of the Orders imposing filing restrictions by certified mail, and Plaintiff signed for the documents indicating he received notice of the filing restrictions at least four times. These Orders set forth the history of Plaintiff's lengthy abuse of the judicial system, and

Despite the fact that these Orders have been filed and Plaintiff has been warned that "the filing of unreasonable, meritless lawsuits or pleadings may be a basis for imposing sanctions, including filing restrictions, in other pending or future actions," Plaintiff continues to file pleadings that are meritless. Filing restrictions are appropriate to curtail a lengthy and abusive litigation history.[16] Based on Plaintiff's history and his failure to follow the filing restrictions imposed upon Plaintiff in the other cases, the undersigned Judge imposes the following filing restrictions in this case. Plaintiff is prohibited from filing another document in this action, Case No. 10-1148-EFM, unless he is represented by counsel or, if he proceeds *pro se*, unless he first provides a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the Court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If Plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.

Plaintiff shall have ten days from the date of this Order within which to file written objections, limited to five pages, to these proposed filing restrictions. If he does not timely file objections, the filing restrictions will take effect twelve days from the entry of this Order. If Plaintiff does file timely objections, these filing restrictions will not take effect unless and until the Court rules against Plaintiff on his objections, in which case, these filing restrictions shall apply to any filing with this Court after that ruling.

---

the Court will not repeat that history here. Suffice to say, Plaintiff continues to file frivolous and meritless motions in his two remaining cases in the District of Kansas.

[16]*Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006).

**IT IS ACCORDINGLY ORDERED** that Defendants' Motions to Dismiss (Docs. 7, 59) are hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the other pending motions (Docs. 9, 12, 14, 16, 22, 29, 47, 48, 51, 54, 56, 57, 63, 64, 65, 66, 69, 71, 75) are hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff is prohibited from filing another document in this action, Case No. 10-1148-EFM, unless he is represented by counsel or, if he proceeds *pro se*, unless he first provides a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the Court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If Plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.

Plaintiff shall have ten days from the date of this Order within which to file written objections, limited to five pages, to these proposed filing restrictions. If he does not timely file objections, the filing restrictions will take effect twelve days from the entry of this Order. If Plaintiff does file timely objections, these filing restriction will not take effect unless and until the Court rules against Plaintiff on his objections, in which case, these filing restrictions shall apply to any filing with this Court after that ruling.

**IT IS SO ORDERED**.

Dated this 7th day of December, 2010.

*Eric F. Melgren*

ERIC F. MELGREN
UNTIED STATES DISTRICT JUDGE